IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA SMOOT TURNER, | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 07-00194-CB-B |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | | |

**ORDER**

This matter is before the Court on defendant's objection to the Magistrate Judge's Report and Recommendation. The Magistrate Judge has recommended that the Court reverse and remand the final decision of the Commissioner denying plaintiff's claim for social security disability benefits and supplemental security income  For the reasons set forth below, the Court finds the objection to be without merit.

Simply put, the decision to deny disability benefits hinged on the ALJ's finding that plaintiff had the residual function capacity to perform gainful employment. The Magistrate Judge has recommended that the matter be remanded so that the ALJ can reconsider his opinion in that regard  in light of Social Security Ruling (SSR) 06-03p. That ruling clarifies how the Social Security Administration (SSA) considers opinions from "other" medical sources such as nurse practitioners, physicians assistants and other non-physicians. The ALJ refused to give any weight to the results of a residual function test administered by a certified nurse practitioner because the nurse practitioner was not a physician. However, SSR 06-03p "directs the SSA to give weight to opinions from [non-physician medical sources]." *Sloan v. Astrue*, 499 F.3d 883 (8th Cir. 2007).

The defendant argues that the ALJ was not required to take SSR 06-03p into consideration because that ruling was not in effect at the time the decision was issued.  SSR 06-03p was, in fact, enacted six months *after* the ALJ issued his decision, but that does not mean the Magistrate Judge's decision to remand was wrong.  The Eighth Circuit addressed a similar argument in *Sloan.*  That case was on appeal to the circuit court--both the ALJ *and* the district court had ruled in favor of the SSA--when SSR 06-03p was issued.  Nevertheless, the appellate court reversed with instruction to remand the case to the SSA for reconsideration.  The court noted that "'generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decisions.'" *Id.* at 889 (quoting *Ingram v. Barnhart*, 303 F.3d 890, 893 (8th Cir. 2002); *accord Bowman v. Astrue*, 511 F.3d 1270 (10th Cir. 2008) (applying SSR 06-03p retroactively).  Consequently, the defendant must be required to reconsider its decision in this case in light of the intervening rule and to give such weight to the opinion of the nurse practitioner as the rule requires.[1]

For the reasons set forth above, the defendant's objections are **OVERRULED**.  The decision of the Commissioner of Social Security is **REVERSED**, and this matter is

---

[1] The ALJ asserted an alternative basis for rejecting the nurse practitioner's findings, but that basis was also rejected by the Magistrate Judge.  The ALJ stated that the nurse practitioner's findings conflicted with "the rest of the medical reports."  As the Magistrate Judge noted, the ALJ failed to explain or elaborate on this conclusion.  Defendant, in his objection, points to evidence from the medical reports that could support the ALJ's decision.  The issue is not whether the decision *could* be supported by evidence; rather it is the ALJ's failure to point out the evidence relied on and the weight given to that evidence.  *See Cowert v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (ALJ must "state specifically the weight accorded each item of evidence and why he reached that decision").  In the absence of specific findings, the decision is not supported by substantial evidence.  *Id.*

**REMANDED** for further proceedings.

**DONE** this the 30th day of September, 2008.

                                                                           **s/*Charles R. Butler, Jr.***  
                                                                           **Senior United States District Judge**